NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 7 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SAMMY L. PAGE, | No. 20-17073 |
| Petitioner-Appellant, | D.C. No. 1:16-cv-00522-AWI-JLT |
| v. | |
| AUDREY KING, Acting Exec Dir, CA Dept of Mental Health, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Argued and Submitted August 12, 2021
San Francisco, California

Before: SILER,[**] CHRISTEN, and FORREST, Circuit Judges.

Sammy L. Page is currently confined as a Sexually Violent Predator (SVP) awaiting trial for recommitment under California's Sexually Violent Predator Act (SVPA), California Welfare & Institutions Code § 6600 et seq. In 2012, Page filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

the State violated his Fourteenth Amendment due process rights by detaining him pretrial based on an outdated and scientifically invalid probable cause finding involving a Paraphilia Not Otherwise Specified (NOS) diagnosis.

The Northern District of California abstained, *Page v. King*, 2015 WL 5569434 (N.D. Cal. Sept. 21, 2015), but we vacated and remanded the matter for further proceedings. The case was then transferred to the Eastern District of California, and Page filed a first amended petition. The Eastern District also abstained, *Page v. King*, 2017 WL 11373232 (E.D. Cal. Feb. 24, 2017), but we vacated and remanded again and, in doing so, suggested that any constitutional claims Page might have regarding his confinement should be brought under the Fourth Amendment, as opposed to the Fourteenth Amendment. *Page v. King*, 932 F.3d 898, 905 (9th Cir. 2019).

Following remand, Page filed a brief on his Fourteenth Amendment claim, a motion for leave to file a second amended petition to include a Fourth Amendment claim, and a motion to declare state court exhaustion of his Fourth Amendment claim unnecessary or excused. In 2020, the magistrate judge issued findings and recommendations that Page's motion be denied and that the State's motion to dismiss be granted, which the district court adopted. Page subsequently appealed. The district court issued a certificate of appealability (COA) as to whether Page's "continued pretrial detention pursuant to California's [SVPA] violates his rights

2

under the Fourth Amendment or the due process clause of the Fourteenth Amendment."[1]

We review de novo the district court's denial of habeas relief. *Juan H. v. Allen*, 408 F.3d 1262, 1269 n. 7 (9th Cir. 2005). Page has not asserted a viable Fourteenth Amendment claim under *Manuel v. City of Joliet*, 137 S. Ct. 911, 919 (2017), which held that "[i]f the complaint is that a form of legal process resulted in pretrial detention unsupported by probable cause, then the right allegedly infringed lies in the Fourth Amendment," not the due process clause. Page claims, as the plaintiff did in *Manuel*, that there was no probable cause to support his detention and such finding was due to fraud perpetrated on the court.

Page filed a motion for leave to file a second amended petition to assert his legal theories under the Fourth Amendment, but such amendment would be futile because his theories fail under the Fourth Amendment for the same reasons that they fail under the Fourteenth Amendment. "Denial of leave to amend is reviewed for an abuse of discretion." *Dougherty v. City of Covina*, 654 F.3d 892, 897 (9th Cir. 2011). "Dismissal without leave to amend is improper unless it is clear, upon *de novo* review, that the complaint could not be saved by any amendment."

---

[1] The State argues that Page raises several issues that are uncertified for appeal. It is true that the district court's order granting COA mainly discussed whether Paraphilia NOS is highly controversial and consideration of the diagnosis as a predicate for the deprivation of liberty by the State is warranted. However, the court ultimately presented a broader issue in the order that encompasses Page's arguments on appeal.

*Thinket Ink Info Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004). But a "district court does not err in denying leave to amend where the amendment would be futile." *Id.* (internal citation omitted). An amendment is futile when "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).

First, Page argues that his recommitment proceedings should be dismissed because his diagnoses of Paraphilia NOS and Anti-Social Personality Disorder (ASPD)[2] are medically invalid under California law. However, "federal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (citing *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)). And federal precedent does not require a civil commitment to be based upon a uniformly recognized mental health disorder. *See Kansas v. Hendricks*, 521 U.S. 346, 359 (1997). States may, in defining who may be civilly committed, employ mental health categories that "do not fit precisely with the definitions employed by the medical community." *Id*.

---

[2] Page also argues that his ASPD diagnosis is invalid because the state abandoned the diagnosis and the court based its 2006 probable cause finding exclusively on his Paraphilia NOS diagnosis. However, as Page failed to raise this argument in the district court, he forfeited it on appeal. *Smith v. Swarthout*, 742 F.3d 885, 893 n.3 (9th Cir. 2014).

Second, Page argues that the probable cause finding is based on stale evaluations because they no longer meet the SVPA's requirement of current diagnoses and two concurring expert opinions.[3] However, this issue presents a state law violation that is not grounds for federal habeas relief. *See Estelle*, 502 U.S. at 67–68.

Finally, Page alleges that the recommitment proceedings are based on insufficient evidence because the probable cause finding was based on written reports without live testimony. Construed as a sufficiency of the evidence claim or a confrontation clause claim, Page's argument fails either way.

On federal habeas corpus review, the court's inquiry into the sufficiency of evidence is limited. The standard of review has long been "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements . . . beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Although the United States Supreme Court has not specifically addressed the standard of proof required to support a civil commitment under a state's SVPA, it has held that, "[t]o meet due process demands," the standard of proof must be higher than the preponderance-of-the-

---

[3] Page contends that the district court improperly treated the Northern District's 2015 decision, which we vacated and remanded, as persuasive authority. However, a vacated opinion may still be persuasive, even if not binding. *See Spears v. Stewart*, 283 F.3d 992, 1017 n. 16 (9th Cir. 2002) ("Vacated opinions remain persuasive, although not binding authority.").

evidence standard but may be lower than the beyond a reasonable doubt standard. *Addington*, *v. Texas*, 441 U.S. 418, 430–33 (1979).

Page does not set forth facts that guide this analysis and we cannot determine whether the state's proceeding violated state law. *See Estelle*, 502 U.S. at 67. The court's decision did not involve an unreasonable application of clearly established Supreme Court precedent. *See Carey v. Musladin*, 549 U.S. 70, 77 (2006) (where Supreme Court precedent gives no clear answer, "it cannot be said that the state court 'unreasonab[ly] appli[ed] clearly established Federal law.'").

Further, the Sixth Amendment's confrontation clause does not attach in civil commitment proceedings. *Carty v. Nelson*, 426 F.3d 1064, 1073 (9th Cir. 2005). The "fact that a proceeding will result in loss of liberty does not *ipso facto* mean that the proceeding is a 'criminal prosecution' for purposes of the Sixth Amendment." *Middendorf v. Henry,* 425 U.S. 25, 37 (1976).

Accordingly, the district court's denial of Page's motion for leave to file a second amended petition and granting of the state's motion to dismiss are **AFFIRMED**. Page's Motion to Enlarge or Supplement the Record is **DENIED**.